**In re Jerry Wayne GREEN, Sr., Anita Phyllis Green, Debtors.**

**Bankruptcy No. 3–83–01269(B).**

United States Bankruptcy Court, W.D. Kentucky.

Nov. 2, 1984.

Jay Jaffe, Wyatt, Tarrant & Combs, Louisville, Ky., for creditor.

Carl D. Frederick, Louisville, Ky., for debtor.

John R. Wilson, Trustee.

MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on debtors' motion to voluntarily dismiss their Chapter 7 petition without prejudice on the basis: (1) a large portion to their indebtedness is being disputed as non-dischargeable; (2) said debt is as yet unliquidated and (3) no creditor will be prejudiced by the dismissal requested.

Objection thereto has been taken by a principal creditor alleging said dismissal would seriously prejudice unsecured creditors, that said motion is untimely filed, and that debtors have failed to demonstrate sufficient cause to justify dismissal of their petition.

This motion was presented pursuant to 11 U.S.C. § 707 which reads as follows:

§ 707 Dismissal. The court may dismiss a case under this chapter only after notice and a hearing and only for cause,

including—(1) unreasonable delay by the debtor that is prejudicial to creditors; and (2) nonpayment of any fees and costs required under Chapter 123 of Title 28.

In accordance therewith, notice was given and a hearing held to determine whether cause existed for granting the relief sought. ·In response thereto the above objection was filed as well as Memorandum in support of and opposition to said motions.

The petition in question was filed June 23, 1983. The debtors were granted a Discharge on December 20, 1983. Although this objecting creditor was reflected in the Statement of Affairs relative to a pending lawsuit, said creditor was not listed as such until June 1, 1984 by amendment to the A–3 schedule.

The case file, hearing, and memoranda further reflect that debtors, on or about June 17, 1983, approximately six days before the filing of this petition, conveyed to Laura Frances Godfrey a third mortgage lien in the amount of $9,000.00 on their residence. Said lien was in recognition of monies lent to the debtors by Godfrey in June, 1979. The trustee was successful in challenging this alleged preference and an appropriate order was entered July 16, 1984. As a result, this Chapter 7 proceeding became an asset case to the extent of the recovered preference.

■ The legislative history of Section 707 makes clear that the ability of the debtor to repay his debts does not constitute adequate cause for dismissal. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 380 (1977). S.Rep. No. 95–989, 95th Cong. 2d Sess. 94 (1978). U.S.Code Cong. & Admin. News, 1978, p. 5787. It is apparent debtors' motion to dismiss is an effort to forego Chapter 7 relief in return for an implied commitment to repay his creditors.

Here, however, the trustee's successful use of the "strong arm" provisions have created an asset estate. Whether such constitutes "cause" for voluntary dismissal under Section 707 was addressed in *Matter of Williams*, 15 B.R. 655 (Dis.Ct.E.D.Mo, 1981) in a strikingly similar fact situation

where the District Court affirmed the Bankruptcy Judge's overruling of debtor's Motion to Dismiss, stating:

"... debtor's decision to seek dismissal was triggered by his realization that there was substantial equity in his real estate in excess of the interest of the mortgage holder and his statutory exemption" p. 656

In denying the application, Judge Shanahan noted the grounds relied upon were not in the best interest of the creditors, and that where a voluntary dismissal would prejudice creditors, it will ordinarily be denied. *Matter of Williams*, supra. In accord with this rationale is *In re Ross*, 21 B.R. 5 (E.D.New York, 1982) which noted:

"The discovery of assets is not cause to dismiss such a proceeding. *In re Williams*, 15 B.R. 655 (Bkrtcy.S.D.1981); *In re Blackmon*, 3 B.R. 167 (Bkrtcy.S.D. Ohio, 1980). If anything, it is grounds for retaining jurisdiction, i.e., that creditors who perhaps expected to recover nothing on their claims may be assured of an equitable and full distribution of the debtor's newly discovered assets."

■ In the instant case, the dismissal thereof would of certainty prejudice the unsecured creditors by denying to them a distributive share in the recovered preference. It must be noted the debtors' Motion to Dismiss without prejudice was filed July 9, 1984, or more than one year after the filing of their petition and seven months after entry of their discharge. In addition, said Motion was not filed·until after the successful efforts by the trustee to recover a preferenced transfer, thereby creating an asset estate for the unsecured creditors.

In summary, the debtors' conduct evidences an intention to effect a substantial preferential transfer within seven days of filing this petition for Chapter 7 relief. Upon the successful recovery of this asset, the debtor now seeks to negate the consequences thereof by dismissal, once again thwarting the rights of unsecured creditors. As noted in *In re Pagnotta*, 22 B.R. 521 (D.Md., 1982):

"... the debtors have not come to Court with clean hands. To grant the request would produce a manifestly inequitable result. This the Court declines to permit." p. 522

For the above stated reasons, it is the opinion of the Court the debtors have failed to state sufficient or justifiable cause as mandated by 11 U.S.C. § 707 and the Motion to Dismiss be and it is hereby overruled.

The above constitutes findings of fact and conclusions of law pursuant to Rules of Bankruptcy Procedure 7052 and an appropriate order is entered the 2nd day of November, 1984.